## LYNN MCQUILLAN ET AL. *v.* DEPARTMENT OF LIQUOR CONTROL
### (14025)

PETERS, C. J., SHEA, GLASS, COVELLO and SANTANIELLO, Js.

Argued November 9—decision released December 18, 1990

*Bruce J. Corrigan, Jr.,* for the appellants (plaintiffs).

*Robert F. Vacchelli,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellee (defendant).

PETERS, C. J. The sole issue in this appeal is whether an error in the form of a required citation requires dismissal of an administrative appeal to the Superior Court for lack of subject matter jurisdiction. The plaintiffs, Lynn McQuillan and Mexican Cafe of Westport, Inc.,

sought judicial review of an order of the defendant department of liquor control (department) suspending the named plaintiff's restaurant liquor permit for five days. In the trial court, the department successfully moved for a dismissal of the plaintiffs' appeal because of their alleged failure to include a citation as required by law. The plaintiffs filed a timely appeal from this judgment of dismissal in the Appellate Court. We transferred their appeal to this court pursuant to Practice Book § 4023 and now reverse.

The plaintiffs' administrative appeal arises out of alleged liquor law violations at the Viva Zapata Restaurant in Westport.[1] The named plaintiff is the holder of the restaurant's liquor permit, and her coplaintiff is the restaurant's corporate backer. When the department denied the plaintiffs' request for reconsideration of the five day suspension of their liquor permit, they took the present appeal to the Superior Court.[2]

To initiate their administrative appeal on August 25, 1988, the plaintiffs simultaneously filed an application for temporary injunction, an order to show cause, and a verified complaint on their appeal. On September 1, 1988, these papers were simultaneously served on the department, and on the attorney general, in accordance with the provisions of the Uniform Administrative Procedure Act, General Statutes § 4-183 (b).[3] The

---

[1] The department found that two violations of the state liquor laws had occurred at the Viva Zapata Restaurant. On May 30, 1987, in violation of General Statutes § 30-22, a group of at least ten people were consuming alcoholic beverages on the front porch of the restaurant, a location not approved for such consumption. On February 20, 1988, in violation of General Statutes § 30-86, three young men below the legal age were being served alcoholic beverages at the restaurant.

[2] Their appeal alleged that the suspension of the liquor permit was illegal, arbitrary and in abuse of discretion, for a number of substantive and procedural reasons.

[3] At the time this action was instituted, General Statutes § 4-183 (b) provided in relevant part: "Proceedings for such appeal shall be instituted by

verified complaint contained a return date of September 27, 1988, while the show cause order summoned the department to appear on September 12, 1988. The only citation contained in the papers, however, authorized the sheriff to summon the department to appear "at the place and time specified . . . to show cause why a Temporary Injunction should not be issued against it as prayed in the foregoing Appeal, Verified Complaint and Application . . . ." On its face this citation does not expressly direct the department to appear in, or to answer, the plaintiffs' administrative appeal.

The plaintiffs did not pursue their judicial application for a temporary injunction because the department agreed administratively to stay enforcement of the liquor permit suspension order during the pendency of the administrative appeal. See General Statutes § 4-183 (c).[4] Although the department filed its general appearance in timely fashion, it did not move to dismiss the plaintiffs' action until November 15, 1988. The department's motion, based on Practice Book § 142,[5]

filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides . . . within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford." This statute was amended by Public Acts 1988, No. 88-317, §§ 23, 107, effective July 1, 1989.

[4] At the time this action was instituted, General Statutes § 4-183 (c) provided: "The filing of the petition does not of itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms." This statute was amended by Public Acts 1988, No. 88-317, §§ 23, 107, effective July 1, 1989.

[5] Practice Book § 142 provides in relevant part: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered

claimed that the appeal should be dismissed "for lack of subject matter jurisdiction because it does not contain a citation as required by law." The trial court, concluding that the plaintiffs had not properly cited the department to answer their appeal, granted the motion and rendered judgment for the department.

The principles that govern the validity of an administrative appeal are undisputed. Because the right to take an administrative appeal depends upon statutory authority, this court has regularly held that noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 163, 561 A.2d 931 (1989); *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 326–27, 533 A.2d 852 (1987); *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985). Failure to include the citation required by § 4-183 (b) is fatal to the validity of an administrative appeal. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, 356–57; *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 338–40, 170 A.2d 732 (1961); *DelVecchio* v. *Department of Income Maintenance,* 18 Conn. App. 13, 16, 555 A.2d 1007 (1989); see *Tarnopol* v. *Connecticut Siting Council,* supra; *Donis* v. *Board of Examiners in Podiatry,* 207 Conn. 674, 682–83, 542 A.2d 726 (1988). A procedural default that implicates subject matter jurisdiction cannot be waived and may be raised at any time. Practice Book § 142; *Rogers* v. *Commission on Human Rights & Opportunities,* 195 Conn. 543, 550–52, 489 A.2d 368 (1985).

a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance."

The dispositive issue, therefore, is whether the plaintiffs' administrative appeal in fact failed to include the citation required by § 4-183 (b). In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 18. "The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . A citation is not synonymous with notice." *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra, 339; *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 419–20, 533 A.2d 879 (1987), modified, 206 Conn. 374, 538 A.2d 202 (1988); *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 412, 378 A.2d 519 (1977). For administrative appeals from the liquor control commission, Practice Book Form 204.9[6] contains a preferred form for citation, which the plaintiffs concededly did not use.

We conclude that the plaintiffs' mistaken failure to use the preferred form to commence an appeal is the functional equivalent of the use of an improper form

---

[6] Practice Book Form 204.9 provides: "APPEAL FROM LIQUOR CONTROL COMMISSION

"To the superior court in and for the judicial district of
at          on (*return date*) comes (*name and residence of appellant*) appealing from a decision of the Liquor Control Commission and petitioning this court to make a judicial review thereof, and complains and says:

1. The plaintiff applied to the Commission for a (*type*) permit for the sale of alcoholic liquor at premises located at (*describe location by street and number or otherwise*) in the town of          but the Commission denied the application and duly notified the plaintiff of such denial on

2. The plaintiff is in all respects a suitable person to have such a permit and the premises are in all respects suitable therefor.

3. In denying the application the Commission acted illegally, arbitrarily and in abuse of the discretion vested in it.

to commence an appeal. In the latter circumstance, we held in *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, 356–57, that "[a]s long as it contains a proper citation, signed by a competent authority, [the] use [of an improper form] does not call into question the jurisdiction of the Superior Court to entertain the appeal. . . . If the form [that was used] clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and

---

Wherefore the plaintiff appeals from the denial of the application, and prays the court to direct the Commission to grant the application and for such other relief as is proper.

Dated at (*place and date*)

Plaintiff

By

Attorney

(*caption*)

WRIT

To Any Proper Officer:

By authority of the state of Connecticut you are hereby commanded to summon the Liquor Control Commission of the state of Connecticut (*and set forth names and residences of all other parties of record*) to appear before the superior court within and for the judicial district of

at                           on (*return date*) then and there to answer unto the foregoing petition of (*names and residence*) by serving upon the commission (*and all parties of record above named*), a true and attested copy of the petition and of this citation in the same manner as process is served in civil actions.

(*Name and residence of person recognized*) is recognized in the sum of $              to prosecute etc.

or

*If plaintiff is an inhabitant of this state and is able to pay the costs of the action, the following may be used:*

I hereby certify that I have personal knowledge of the financial responsibility of the plaintiff and deem it sufficient to pay the costs of this action.

Hereof fail not, but due service and return make.

Dated at (*place and date of signing*)

Commissioner of the Superior Court"

the requirement for filing an appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. Cf. *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra. Absent an affirmative showing of prejudice by the defendant . . . the mistaken use of [a form] does not warrant the dismissal of an administrative appeal." The package of papers filed simultaneously by the plaintiffs in this case, as in *Chestnut Realty, Inc.,* informed the department of the appeal that was being taken and of the return date on the verified complaint, and directed a competent authority to summon the department to appear at a designated court. Since the department has raised no claim of prejudice, the plaintiffs' inadvertent deviation from the preferred Practice Book form did not deprive the citation that they employed of all legal effect. The trial court, therefore, improperly granted the department's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.