[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These actions constitute two appeals of a decision of the Department of Health Services, Inc., Connecticut Board of Examiners for Embalmers and Funeral Directors ("Board"), pursuant to Conn. Gen. Stat. 4-183 (c). The Board issued a statement of charges on July 24, 1989, alleging violations of Conn. Gen. Stat. 20-227. On September 6, 1991, the Board decided to revoke a license to practice embalming held by James Perkins. The Board also assessed two civil penalties of $1,000 each against James Perkins.
Two complaints were filed on October 19, 1990; one by "James Perkins" individually, and the other by "Perkins CT Page 6421 Funeral Home, Inc." The plaintiffs then filed a five count amended complaint on November 29, and again on December 18, 1990.
Both plaintiffs allege the following: that James Perkins could not attend the agency hearing because he was incarcerated and that there was no person at the hearing authorized to speak on his behalf (count one); that evidence regarding civil penalties for violations of Conn. Gen. Stat. 20-227 failed to support the Board's finding (count two); that the Board improperly considered facts not included in the statement of charges (count three); that the Board violated 4-178 by improperly considering a statement by an attorney during the hearing (court four); and that the Board failed to enter a consent order signed by the plaintiff (count five). No formal citation appears in the file, but a "certification" attached to identical summaries filed in both cases on December 19, 1990, indicate that the summonses were mailed to the Board and to its attorney on December 18, 1990.
On March 22, 1990, the Board filed identical motions to dismiss in each appeal, arguing that the court has no subject matter jurisdiction because the plaintiffs failed to include a proper citation with the appeals within forty-five days after the agency mailed its decision.
The Board contends in its motions that it mailed notice of its decision on September 11, 1990. This fact is substantiated by the affidavit of Celia B. Carroll dated June 27, 1991. The plaintiffs did not dispute this in their opposition memorandum. On March 12, 1991, the plaintiffs filed a submission of record that includes a copy of the Board's September 6, 1991 decision, although there is no separate entry for the certification of the mailing date. (The actual record items are not in the file).
On April 5, 1991, the plaintiffs filed opposing memoranda in both cases, arguing that an "appeal" is not a commencement of action, and thus requires no citation. The plaintiffs contend that Conn. Gen. Stat. 4-183 (c), as amended by Conn. Pub. Acts No. 88-317 (1988), deleted the word "petition" and inserted "appeal," which they say eliminated the need for a citation to initiate action in the courts.
Because the issues and pleadings are identical, this memorandum addresses both appeals and hereinafter refers to both appellants as "Plaintiff."
 II.
A motion to dismiss properly attacks the jurisdiction of CT Page 6422 the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 298 (1987). The court must dismiss the complaint if the face of the complaint indicates the court has no jurisdiction. Upson v. State, 190 Conn. 622, 624 (1980). A procedural defect that implicates subject matter jurisdiction cannot be waived and may be raised at any time. Rogers v. CHRO,195 Conn. 543, 550-52 (1985). The court can dismiss the proceeding on its own motion whenever it discovers a lack of jurisdiction. Sasso v. Aleshin, 197 Conn. 87, 89-90 (1985).
Conn. Gen. Stat. 4-183 (c), as amended by Conn. Pub. Acts No. 88-317 (1988), requires, inter alia, that a prospective appellant serve the agency with a copy of the appeal within forty-five days after the mailing or personal service of the agency's decision.
The right to appeal agency decisions is statutory, Farricelli v. Personnel Appeal Board, 186 Conn. 198, 201 (1982); and must be exercised in strict compliance with the statute that created it. Chestnut Realty, Inc., v. CHRO, 201 Conn. 350, 356
(1986); see also United Technologies v. CHRO, 2 CLTR 548, 549 (October 26, 1990, Clark, J.).
A defective citation affects the court's jurisdiction. Village Creek Homeowners Ass'n. v. PUC, 148 Conn. 336 (1961). "The citation is . . . the important legal fact upon which judgment rests. A proper citation is essential to the validity of the appeal and the jurisdiction of the court." Id. at 339. Lack of a citation renders the administrative appeal fatally defective. Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356
(1986); see also McQuillan v. Dept. of Liquor Control, 216 Conn. 667,670 (1990). Failure to comply with, the citation requirement warrants dismissal. DelVecchio v. Dept. of Income Maintenance, 18 Conn. App. 13, 15 (1989); see also Senie v. Carothers, 22 Conn. App. 253, 254 (1990) (appeal dismissed for failure to annex citation to complaint).
The plaintiff has offered no support for the proposition that Conn. Pub. Acts No. 88-317, effective July 1, 1989, eliminated the citation requirement by changing the word "petition" to "appeal." In his memorandum in opposition, the plaintiff maintains that "petition" indicates an independent proceeding, whereas "appeal" connotes a dependent, or continuing matter. It is found, however, that Conn. Gen. Stat. 4-183, both before and after amendment, provided a mechanism for parties to appeal agency decisions. Therefore, regardless of the term used, the proceeding created by the statute was and continues to be an administrative appeal. CT Page 6423
Furthermore, adequate notice to the Board does not obviate the citation requirement. In Shapiro v. Carothers, 23 Conn. App. 188,191 (1990), the court concluded that a proper citation "is not synonymous with notice." Therefore, the plaintiff's argument regarding notice as the purpose of citation is misplaced because this appeal falls under the purview of the USAPA, which requires strict compliance with its provisions. See, e.g., Chestnut Realty, 201 Conn. at 356.
The plaintiff cites McQuillan, 216 Conn. 667, for the proposition that the summons served with, the amended complaint on the Board suffices as a citation. The court in McQuillan noted that, although the sheriff's summons is not the preferred form of citation, it may suffice unless the party served alleges prejudice. Id. at 671-73. The summons is sufficient as a citation when it apprises all concerned of the lawsuit, contains a notice of return date, directs the parties to file an appearance, and "directs a competent authority to summon the defendant." Id. at 672-73.
The Board argues that the summons failed to direct a competent authority to make service, notify the parties of the requirements to file an appearance, and state that the amended complaint was an administrative appeal. However, the court need not evaluate the summons on these grounds if the court finds that the summons was served more than forty-five days after the Board mailed its decision. The court finds that the summons which was served on December 18 and filed on December 19, 1990, was not filed timely.
Accordingly, because the failure to file a proper citation with an administrative appeal affects subject matter jurisdiction, it is held that the appeal is hereby dismissed.
STENGEL, JUDGE