[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
On September 20, 1991, the plaintiff, Jerry Bogosian, filed an appeal with this court from the decision of the Board of Firearms Permit Examiners. On July 30, 1991, the defendant, Nicholas Cioffi, Commissioner of the Department of Public Safety, notified the plaintiff that he was revoking the plaintiff's Connecticut State pistol permit. Thereafter, the plaintiff filed an appeal with the defendant Board and, on July 30, 1991, the Board issued a final decision affirming the Commissioner's decision. Consequently, the plaintiff appealed to this court.
On September 30, 1991, he plaintiff submitted an affidavit in which he stated that on September 30, 1991, he served a copy of the appeal on Commissioner Cioffi and on Arthur C. Carr, Secretary, State of Connecticut Board of Firearms permit examiners. Both were served by certified mail at their offices.
On October 10, 1991, the defendants filed a motion to dismiss and attached thereto a supporting memorandum. The defendants move to dismiss on the grounds that this court lacks subject matter jurisdiction over his appeal. On October 25, 1991, the plaintiff filed an opposing memorandum.
The motion to dismiss is provided for in Practice Book 142-146, CT Page 9978 and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. Although "every presumption is to be indulged in favor or jurisdiction," LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990), whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed. Practice Book 145. See also Castro v. Viera. 207 Conn. 420, 429-30, 541 A.2d 1216
(1988).
In their motion to dismiss, the defendant states that this court lacks subject matter jurisdiction over this appeal because the plaintiff failed to file its appeal within the forty-five (45) day time limitation provided in General Statutes 4-183 (c). The defendants also claim that, because the appeal lacks a citation in accordance with General Statutes 4-183 (b), the court lacks subject matter jurisdiction.
The plaintiff, in its opposing memorandum, argues that its appeal was filed within the forty-five (45) day time limitation and that, with regard to the lack of a citation, the defendants were not prejudiced. Accordingly, the plaintiff alleges that the motion to dismiss should be denied.
The plaintiff's appeal is brought pursuant to General Statutes29-32b and 4-183 (c). Section 29-32b(f) states that "[a]ny person aggrieved by the decision of the board may appeal therefrom in accordance with the provisions of section 4-183." General Statutes 29-32b (f).
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty, Inc. v. Commissioner on Human Rights Opportunities,201 Conn. 350, 356, 514 A.2d 749 (1986)). "Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest, Inc., supra at 152.
The defendants state that because the plaintiff's petition lacks a citation, this matter should be dismissed. In an administrative appeal, "the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day." McQuillan v. Department of Liquor Control, 216 Conn. 667, 671, 583 A.2d 633 (1990). The plaintiff argues that the defendant must allege that he has been prejudiced by the plaintiff's failure to include a citation. Indeed, in McQuillan, the court noted that "[a]bsent an affirmative showing of prejudice by the defendant. . . the mistaken use of [a form] does not warrant the dismissal of an administrative CT Page 9979 appeal." McQuillan, supra at 673. However, McQuillan is distinguishable from the present case. In McQuillan, the court determined that the plaintiff's appeal did include the citation required by General Statutes 4-183(b), but that the plaintiff failed to use the proper form. The McQuillan court quoting Chestnut Realty, Inc., supra, stated that "`[a]s long as it contains a proper citation, signed by a competent authority, [the] use [of an improper form] does not call into question the jurisdiction of the Superior Court to entertain the appeal. . . .'" McQuillan, supra, at 672 (quoting Chestnut Realty, Inc., supra at 356-57).
In the present case, no citation was filed. Because "[f]ailure to include the citation required by 4-183(b) is fatal to the validity of an administrative appeal," McQuillan, supra at 670, the motion to dismiss is granted, and a discussion of the timeliness of the plaintiff's appeal is unnecessary.
PICKETT, J.