[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 30, 1991, Rita Pinter, the pro se plaintiff, appealed to this court from a decision of the Defendant Department of Income Maintenance's ("Department") decision denying her Title XIX medical assistance. On April 16, 1991, the plaintiff filed at request for a hearing with the defendant pursuant to Conn. Gen. Stat. 17-2a and 17-2b because she was denied medicaid benefits Following a hearing, the decision of the Department was upheld and, on June 17, 1991, a copy of the decision was mailed to all parties of record. Thereafter, the plaintiff appealed to this court. On August 27, 1991, the defendant filed a motion to dismiss for lack of subject matter jurisdiction and submitted a memorandum in support thereof. The defendant claims, inter alia, that the lack of a citation denies the court jurisdiction over the subject matter of this case.
The plaintiff on September 3, 1991 filed an opposing memorandum to the motion to dismiss and, on September 20, 1991, filed a request for lease to amend. On October 2, 1991, the defendant filed an objection to the request for leave to amend.
The motion to dismiss is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. Although "every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990), whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed. Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152, 584 A.2d 1183
(1991) (citation omitted). "Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Id.
In its motion to dismiss, the defendant argues, inter alia, that the plaintiff's failure to file a citation with its appeal deprives the court of subject matter jurisdiction over this matter. The plaintiff, in responding to this argument, states that it is CT Page 10001 the responsibility of the court clerk to ensure the propriety of the complaint and, because the clerk made no comments to the contrary, the form of the appeal should be deemed correct.
Conn. Gen. Stat. 17-2b(b) states, in pertinent part, that "[t]he applicant. . . if aggrieved, may appeal. . . in accordance with section 4-183. . . ." In an administrative appeal, "the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day." McQuillan v. Department of Liquor Control, 216 Conn. 667,671, 583 A.2d 633 (1990). In the present case, no citation was filed. "Failure to include the citation required by 4-183 (b) is fatal to the validity of an administrative appeal." McQuillan supra at 670.
Because the failure to include a citation is a jurisdictional defect, "not circumstantial in nature. . . the pleading [is] not precluded from abatement under General Statutes 52-123," and an amended complaint will not cure such a defect. Hillman v. Greenwich, 217 Conn. 520, 526-27, ___ A.2d ___ (1991). Consequently, the request for leave to amend is denied and the motion to dismiss is granted.
SUSCO, J.