[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS #103, #105
On October 18, 1991, Wilbur Firedman, the pro se plaintiff, appealed to this court from a decision of the defendant Connecticut Commission on Human Rights and Opportunities ("the Commission"). The Commission dismissed a complaint filed by the plaintiff in which it was alleged that the defendant Town of Salisbury had unlawfully discriminated against the plaintiff in violation of General Statutes 46a-58(a), 46(a)-64(a)(1) and 46(a)-64(a)(2), The plaintiff is a resident of and attorney in New York who owns real estate in Salisbury, Connecticut. He alleges, inter alia, that on February 20, 1989, the Town cut down trees and shrubs on his Salisbury property, that no other property in the town was similarly treated, and that the town's action was motivated by the fact that the plaintiff is Jewish.
On September 5, 1991, the plaintiff filed a complaint with the Commission, to which the town filed an answer, The plaintiff alleges that he repeatedly requested a copy of this answer and other filed documents pursuant to Section 371-20 of the Commission Regulations, and that this request was denied. The plaintiff alleges that he set forth his claims in detail and that he further claimed a violation of the due process clauses CT Page 10669 of the Federal and Connecticut constitutions as a result of the Commission's failure to furnish such copies. On May 23, 1991, the complaint was dismissed by the Commission, and the plaintiff subsequently requested reconsideration, said request being denied on September 11, 1991. Consequently, the plaintiff appealed to this court, seeking a reversal of the Commission's decision to dismiss the complaint. The plaintiff signed his petition "Wilbur H. Friedman, PRO SE."
On November 18, 1991, the defendant Commission filed a motion to dismiss the plaintiff's appeal for lack of subject matter jurisdiction. On November 19, 1991, the defendant town filed a similar motion to dismiss. Both defendants claim that this appeal is fatally defective because it lacks a proper citation. On November 27, 1991, the plaintiff filed an objection to the motion to dismiss.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed," Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In their motions to dismiss, the defendants claim, inter alia, that the plaintiff's appeal papers contain an "attempted citation" and complaint. The defendants further maintain that, because the attempted citation, herein entitled "petition," is signed "Wilbur H. Friedman, PRO SE," it is defective, and that such a defect deprives the court of subject matter jurisdiction over this matter. The plaintiff, in responding to this claim, states that the motions to dismiss should be denied because he has cured the defect by amending the petition.
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (citation omitted). "Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Id. An appeal from a decision of a hearing officer for the Commission must be taken pursuant to General Statutes 4-183. See General Statutes 46a-94a.
In an administrative appeal, "the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency; and to summon it to a particular sitting of a particular court on a specified day. . . `The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . ." McQuillan v. Department of Liquor-Control, 216 Conn. 667, 671, 583 A.2d 633 (1990) (citations omitted) (emphasis added). An administrative appeal must contain "`a proper CT Page 10670 citation, signed by a competent authority. . . .'" Id. at 672 (quoting Chestnut Realty, Inc. v. Commission on Human Rights Opportunities,201 Conn. 350, 356-57, 514 A.2d 749 (1986) (emphasis added). See also, Brunswick v. Inland Wetlands Commission, 25 Conn. App. 543, 548,___ A.2d ___ (1991). A proper authority has been defined as "a . . . commissioner of the Superior Court. . . or a . . . clerk of the court to which it is returnable." Id. at 547. Furthermore, in Brunswick, supra, the court determined that a citation is analogous to a writ in a civil action. Id. at 545-46. Practice Book 49 states, in pertinent part, that a "writ. . . shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable." Identical language is used in General Statutes 52-45a.
In the present matter, the plaintiff's citation does not contain the signature of a commissioner of the superior court, nor does it contain the signature of either a judge or a clerk. Accordingly, the citation is improper. Because the failure to include a proper citation is a jurisdictional defect, "not circumstantial in nature. . . the pleading [is] not precluded from abatement under General Statutes 52-123," and the amended complaint will not cure such a defect, Hillman v. Greenwich,217 Conn. 520, 526-27, 587 A.2d 99 (1991). Consequently, this court lacks jurisdiction over the subject matter of this appeal, and the motion to dismiss is granted.
PICKETT, J.