[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in the above entitled matter have brought the present tax appeal asserting that the failure of the Board of Tax Review of the Town of Greenwich ("The Board") to reduce their assessment has resulted in an excessive, disproportionate, unjust and unlawful assessment. The defendants have filed a Motion to Dismiss the action on the following grounds: (1) that Connecticut practice requires that the parties be described in the Writ of Summons or citation and the plaintiffs have failed to comply with that requirement but have merely listed the numerous plaintiffs in each of the seventy-eight counts of the appeal; and (2) the plaintiffs have failed to comply with the provisions ofPublic Act 91-221 Section 4 which requires that appeals from the Board be taken within a period of two months of the action taken by the Board. The defendants claim that the appeal was not filed within the two month period and therefore the court is without jurisdiction to entertain the action.
Once the question of lack of jurisdiction has been raised the Court must resolve the issue before proceeding further with the case. Castro v. Viera, 207 Conn. 420, 429 (1988).
The present action, the citation directs that the defendants be summoned to appear before the Superior Court "to answer unto the foregoing applications". The complaint itself, entitled "Appeal from Board of Tax Review", in seventy-eight separate counts, states that the individually named plaintiffs are owners of designated condominium units in Greenwich, Connecticut and that the assessments are illegal. Defendants claim that a citation must be served and returned in the same matter as is required in the case of a civil summons in a civil action and therefore the failure to identify the plaintiffs in the citation warrants the dismissal of the action. CT Page 2640
"In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day (citations omitted). . . The citation, signed by a competent authority, is a warrant that bestows upon the officer to whom it is given for service the power and the authority to execute its command. . . . the citation is not synonymous with notice". McQuillan v. Department of Liquor Control, 216 Conn. 667, 671 (1990). The absence of such a citation renders an administrative appeal fatally defective. Chestnut Realty, Inc. v. CHRO, 210 Conn. 350, 356 (1986). In the present case, there is no claim of an absence of a citation nor is there any claim that the citation was insufficient to cause the defendant to be brought into Court. Since the defendant has raised no claim of prejudice, the policy of giving notice to the defendant of the nature of the proceedings has been served and the deviation from the preferred form does not deprive the court of jurisdiction. Chestnut Realty. Inc. v. CHRO, supra at 357.
In the Second ground for the Motion to Dismiss the defendants claim that the plaintiffs have failed to comply with the provisions of Public Act 91-221 Section 4 which provides, in pertinent part, that "any person, claiming to be aggrieved by the actions of the Board of Tax Review of any town or city . . . may, within two months of such action, make application, in the nature of an appeal therefrom, to the Superior Court for the judicial district in which such town or city is situated." In support of the Motion to Dismiss, the defendants have filed a sheriff's return showing that service of process was made on August 23, 1991 and copies of the decisions of the Board of Tax Review, certified by the Town Assessor, indicating that the appeals of the plaintiffs were denied on June 21, 1991. The defendant, therefore, assert that the present appeals were filed more than two months after the denial of the appeals by the Board and that the plaintiffs have failed to file a timely appeal requiring the dismissal of the action.
In opposition to the Motion to Dismiss, the attorney for the plaintiff has filed an affidavit stating that he appeared at the hearings before the Board on June 19 and June 21 and was told on June 21, 1991 that notice of the decision, when made, would be sent to his clients. Notices, dated June 28, 1991, were sent to the plaintiffs stating that there was "no change in the assessment". The notices were dated "June 28, 1991", and did not refer to the date upon which that decision was made. Upon learning of the denial of the appeal, plaintiff's attorney went to the assessor's office and requested any information available on the Board's action. He was then shown a document, filed with the court, entitled "Real Estate Appeals Denied" and dated "June 28, 1991" upon which all the plaintiffs' names were listed. The affidavit further states that the attorney had no actual knowledge of the CT Page 2641 time the Board made this decision and in no time was he provided with or given access to the reports submitted by the plaintiffs stating that the Board had taken action on June 21. The plaintiffs therefore claim to be entitled to rely upon the notice provided to them dated June 28, 1991. Accordingly the plaintiffs claim that the appeals in the above entitled matter were taken within two months of June 21, 1991 and are therefore timely.
Under General Statutes Section 12-111 a party aggrieved by the actions of assessors may appeal therefrom to Board of Tax Review "which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made." The two month period within which an appeal might be taken runs from the date of the action of the board and not from the issuance of notice of that action. See Trapp Falls Realty Holding Ltd. Partnership v. Shelton,5 Conn. L. Rptr. No. 9, 212 (Nov. 21, 1991, Spear, J.) Allen v. Goshen, 6 CSCR 1030 (Oct. 24, 1991, Pickett, J.) Robbins v. Goshen, 5 Conn. L. Rptr. No. 7, 171 (Oct. 24, 1991, Pickett, J.). In view of the one week reporting period provided in General Statutes Section 12-111, the notice dated June 28, 1991 would be sufficient compliance with the statute and place the plaintiffs on notice that the decision of the Board could have been made one week earlier.
However, the documents submitted by the plaintiffs entitled Board of Tax Review Hearings dated "June 1991" contains pages entitled Real Estate Appeals Denied and bearing the date June 28, 1991, provides sufficient basis for a conclusion the date listed on the official records was in fact the date the decision was made. Such conclusions are fortified by conversations set forth in the affidavits by the plaintiffs' attorney which states, that in July 9 of 1991 when he first reviewed the listing if the appeals denied, he asked whether any written decisions or explanations of the Board's decisions were available and he was advised that there were not.
There is no claim on the part of the defendants that the documents submitted showing the denial of the appeals and dated June 21, 1991 were in fact on file in the assessor's office in June 28, 1991 or on July 9, 1991 when the records were reviewed on behalf of the plaintiffs. Plaintiffs were entitled to rely upon the documentation on file which were available to be reviewed on their behalf. Therefore dismissal of the action is not justified. See Johnson v. Bloomfield, 5 Conn. L. Rptr. No. 10, 247 (Nov. 25, 1991, Wagner, J.).
The Motion to Dismiss is denied.
RUSH, JUDGE CT Page 2642