[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal by the plaintiffs, Anthony J. Paige and Candace D. Paige, from a decision of the defendant, the Town Plan and Zoning I Commission of the Town of Fairfield, granting subdivision approval and a special permit to defendant Fairfield University.
Fairfield University has filed a motion (#103) to dismiss, Practice Book 143(1), challenging this court's subject matter jurisdiction on the ground that the plaintiffs "failed to give a bond or recognizance, with surety as required by Conn. Gen. Stat. 8-8(h)."
The plaintiffs commenced their appeal by using civil summons form JD CV-1 which, among other things, contains an entry entitled "Name And Address of Person Recognized To Prosecute In The Amount of $250". Plaintiffs inserted in this space the name of "Barbara M. Wanamaker, 315 Post Road West, Westport, CT 06880."
General Statutes 8-8(h) provides that: "The authority issuing a citation in the appeal shall take from the appellant. . . a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court."
It is evident that the plaintiffs did not comply precisely with the requirement of a bond or recognizance as set forth in the CT Page 2638 statute, particularly as there was no reference to complying with the orders of the court. The issue is whether such defect causes this court to lose subject matter jurisdiction over the plaintiffs' appeal.
The defendant's motion to dismiss is dated January 30, 1992, and on February 6, 1992, the plaintiffs moved to amend their appeal by substituting a new summons and citation in place of the JD CV-1 form, which they concede "was inadvertently filed in error." The proposed new summons includes the statement that: "The principals as Plaintiffs and Barbara M. Wanamaker of 315 Post Road East, Westport, Connecticut as surety are recognized in the sum of $250.00 to prosecute this appeal to effect and comply with all orders and decrees of this court."
I believe the motion to dismiss should be denied on the authority of Sheehan v. Zoning Commission, 173 Conn. 408, 411,378 A.2d 519 (1977), which also involved a defective bond or recognizance in an administrative appeal, and held that such a defect "did not destroy the jurisdiction of the court over the subject matter of the action. . . and could have been cured by the plaintiffs by filing a timely amendment."
This principal was reiterated in McQuillan v. Department of Liquor Control, 216 Conn. 667, 672-73, 583 A.2d 633 (1990), where the use of an improper form in an administrative appeal was not considered fatal to jurisdiction where a proper citation or writ of summons was used, the proper parties were served, and were given notice of the appeal, the return date, and the necessity of filing an appearance. These requirements were all met by the plaintiffs in this appeal.
Moreover, General Statutes 8-8 was amended in 1989 to add subsections (p) and (q). The former provides that appeal procedures "shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice." Subsection (q) states that if a matter of form prevents an appeal from being heard on its "merits" an appellant shall be permitted an additional fifteen days to cure the defect. Finally, LeConche v. Elligers, 215 Conn. 701, 709-10, 579 A.2d 1 (1990), states that it is an "established principle that every presumption is to be indulged in favor of jurisdiction." Combining this principle with the Sheehan and McQuillan cases, and the two amendments to General Statutes 8-8, as well as the absence of a showing of prejudice to the defendants, the motion to dismiss should be and hereby is denied, and the request to file the proposed amendment including a proper bond with surety is granted.
So Ordered. CT Page 2639
Dated at Bridgeport, Connecticut, this 23rd day of March, 1992.
WILLIAMS B. LEWIS, JUDGE