The plaintiff has filed this administrative appeal requesting the court to vacate an order of the defendant Board. That order directs him to issue a gun permit to Nancy Zammataro. CT Page 5419
The defendant has filed a motion to dismiss because of the failure of the plaintiff to effect service on the defendant and to file the appeal within 45 days after the mailing of the decision.
The parties disagree as to the date the appeal was "filed." The plaintiff urges the court to find it was on April 7, 1992, the date upon which the appeal and papers accompanying an order to show cause were stamped at the Clerk's Office. The defendant argues the later date of May 1st is the filing date, as that is when all the papers and return of service were dated stamped in New Haven Superior Court. The parties agree, however, that service was not made within 45 days of the defendant's mailing of its decision on March 2. The final date for service was April 17. Service was not made until April 21, on the Attorney General, and April 27, on the defendant Board. In view of the court's conclusion as to this latter issue, the question of when the appeal was filed need not be addressed. Section 4-183(c) of the General Statutes reads as follows:
 "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain*. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal . . . ."
Failure to make service on or before April 17 on either the Attorney General or the defendant Board of Firearms Permit Examiners deprives this court of subject matter jurisdiction. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6
(1975)
The plaintiff is not saved from the results of late service by virtue of having delivered the papers for service to the sheriff well before April 17. Section 52-593a of our General Statutes excludes administrative appeals with this language:
Sec. 52-593a. Right of action not lost where process served CT Page 5420 after statutory period. When.
 (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the proceeds is served, as provided by law, within fifteen days of the delivery.
 (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
The plaintiff relies on McQuillan v. Department of Liquor Control, 216 Conn. 667, 673 (1990) and Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356 (1986). He argues that the plaintiff was not dilatory and the defendant was not prejudiced by the late service. However, these cases did not involve late service contrary to a statutory requirement, but use of the wrong form to commence the appeals.
Administrative appeals are permitted by statute and hence strict compliance with the appropriate statutes is required. The plaintiff has failed to do so, depriving the court of jurisdiction
The motion to dismiss is granted.