[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS CT Page 2779
The plaintiff commenced his appeal of the defendant Department's administrative decision by serving on the Department an ex parte motion for a stay of that decision, order for hearing, and the petition for appeal. Service was made by a deputy sheriff acting in compliance with an order signed by plaintiff's attorney. None of the documents served on the Department contains a return date or summons the defendant to appear. The order for hearing does, however, set the date, time and courthouse location of the hearing. The petition for appeal was timely filed in the court. The defendant has answered the appeal and filed the record. The court has ordered a briefing schedule and the plaintiff has already filed his brief.
The defendant moves to dismiss on the basis that there were defects in the process; specifically, that no return date was included.
Both parties have filed well prepared briefs, which the court has studied. In the court's opinion, the decision on the Department's motion is governed by McQuillan v. Department of Liquor Control, 216 Conn. 667 (1990), holding that the failure to use the preferred form of process is not necessarily fatal to the court's jurisdiction; and by Tolly v. Department of Human Resources, 225 Conn. 13 (1993). The Tolly decision was issued after the Department had filed its motion. It holds that mere defects in process of an appeal do not render the appeal dismissable unless the agency is found to have been somehow prejudiced. There is no evidence of any prejudice in this case. Accordingly, the court's jurisdiction over the subject matter and over the person of the defendant is not compromised.
The defendant Department's motion is denied.
Maloney, J. CT Page 2780