[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#126)
The plaintiff, OCI Mortgage Corporation, commenced this one count foreclosure action on July 31, 1995, against the defendant, New Future Developers Corporation, Inc.
On September 18, 1995, a nonparty, Paul F. Miller, Trustee of the Miller Trust (hereinafter "Miller" ), made a motion to become a party defendant, arguing that he, as trustee, holds title to the property that is the subject of this foreclosure action. The motion to intervene was granted by the court on October 10, 1995, and Miller became a party defendant. The order required the plaintiff to amend its complaint to state facts to show the interest of Miller as Trustee. The defendant Miller did not file an appearance along with his motion to intervene or when the motion was granted.
On November 20, 1995, the plaintiff made a request for leave to amend its complaint, along with the amended complaint. On November 22, 1995, the defendant Miller filed an objection to the plaintiff's request for leave to amend the complaint. The objection was overruled by the court on December 13, 1995. On party." Practice Book § 99 is practically identical. CT Page 1990
In order to cite in a party defendant, Practice Book Form 106.4, which is the preferred form, instructs a plaintiff to amend its complaint to state facts showing the interest of the party to be cited in, and to summon that party to appear in the action "by causing some proper officer to serve him in the manner prescribed by law a true and attested copy or certified copy of the complaint in [the] action as amended, and a Summons-Civil Form 103.1 and due return make."
Here, in contrast, the defendant Miller made a motion to intervene as a defendant by filing a motion similar to Practice Book Form 106.6, but failed to file his appearance. Practice Book Form 106.6 instructs that "[t]he foregoing motion should be accompanied by an appearance for the moving party." Practice Book forms are the preferred forms to be used in certain circumstances. See McQuillan v. Department of Liquor Control, 216 Conn. 667, 671-73,583 A.2d 633 (1990). It is true that Practice Book Form 106.6 is worded in the permissive by stating that an appearance "should" accompany the motion to intervene. The defendant, however, is now seeking to take advantage of the situation that he has created. This he cannot do.
Contrary to the defendant's argument, the order granting the motion to intervene (#110) did not instruct the plaintiff to serve the amended complaint in accordance with General Statutes § 52-57. The court ordered that Paul F. Miller, Trustee, be made a defendant and that the plaintiff amend its complaint to state facts showing the interest of the defendant. That is the approved order in Practice Book Form 106.6.
Pursuant to Practice Book § 120 et seq., the defendant Miller has been properly served with the amended complaint. The defendant filed an objection to the plaintiff's request for leave to amend the complaint. Thus, the defendant Miller cannot dispute the fact that he received actual notice of the allegations in the amended complaint.
Practice Book § 121(c) and Practice Book § 122 do not change the court's decision. Practice Book § 121(c) states that "[a]ny pleading asserting new or additional claims for relief against parties who have not appeared or who have been defaulted shall be served on such parties." Practice Book § 122 reads in pertinent part: "Service pursuant to Sec. 121(c) shall be made in the same manner as an original writ and complaint is served or as ordered by the court." CT Page 1991
First, the court feels that it is debatable whether the amended complaint is asserting a "new" claim; the foreclosure action is merely being redirected at an intervening party. Second, and more importantly, Practice Book § 6 states that "[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." With this in mind, the court finds that because the defendant Miller failed to file an appearance along with his motion to intervene, or when the motion was granted, he cannot now use that to his advantage. This would work an injustice on the plaintiff.
For the reasons set forth above, the motion to dismiss is denied.