[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Citizens for Economic Opportunity and other named plaintiffs appeal a decision of the defendant state insurance department permitting the defendant Aetna, Inc., a Connecticut corporation, to acquire ownership and control of U.S. Healthcare, Inc., a Pennsylvania corporation, and all of its respective subsidiaries. The department acted pursuant to General Statutes § 38a-132. The plaintiffs appeal pursuant to § 38a-139. Presently before the court are the defendants' motions to dismiss. The court finds the issues in favor of the plaintiffs.
The facts relevant to the defendants' motions are not in dispute. The department rendered its final decision on July 3, 1996, and presumably mailed it to all parties on that date. On August 9, 1996, a deputy sheriff delivered copies of this appeal to the defendant department and other named defendants. On August 16, 1996, the plaintiffs filed the appeal in this court. The appeal papers do not contain a citation. The date of August 9, 1996, appears on the face page of the appeal, but the text does not indicate that it is the return date. No other return date is indicated. August 9, 1996, was a Friday, not a Tuesday. The copies of the appeal were delivered to all defendants and filed in the court within the forty-five day period prescribed by General Statutes § 4-183.
The defendants advance three arguments as the bases of their motions to dismiss: (1) the lack of a proper citation is a jurisdictional defect; (2) the lack of a return date is a jurisdictional defect; and (3) if August 9, 1996, is determined to be the return date, the plaintiffs did not comply with General Statutes § 52-46a.
All parties cite Tolly v. Department of Human Resources,225 Conn. 13 (1993), in support of their respective positions. In that case, the plaintiff made service on the defendant state agency by certified mail, return receipt requested, without the use of a sheriff, in accordance with General Statutes § 4-183
(c)(1). The appeal did not contain a citation. The Supreme Court held such service to be effective nevertheless, reasoning that an CT Page 8493 order to a sheriff to make service, which is contained in a citation, is unnecessary when an appellant makes service directly by mail without the use of a sheriff. The Supreme Court held, further, that the failure to include in the petition on appeal an instruction to the defendant to file a timely appearance relative to the return date was a defect in the process, but not fatal to the court's jurisdiction in the absence of a showing of prejudice.
Since the Tolly case involved a wholly different factual setting, its specific holding does not cover the circumstances of the present case, where service was not made by mail but by deputy sheriff. Indeed, the Tolly court noted, "Personal service pursuant to § 4-183 (c)(2) requires, by clear implication, a citation commanding the "proper officer or indifferent person" to make service "in the same manner as complaints are served in ordinary civil actions." Id., 225 Conn. 20. The question for this court in the present case, therefore, is whether the Tolly
decision should be read as continuing, by dictum, the traditional rule that "failure to include the citation required by (the statute) is fatal to the validity of an administrative appeal." See McQuillan v. Department of Liquor Control, 216 Conn. 667, 670
(1990).
In Tolly, the Supreme Court was applying the provisions of § 4-183 after its extensive revision, which became effective July 1, 1989. This was significant because for the first time the statute contained a provision that suggested a crack in the previously ironclad doctrine that strict adherence to the statutory procedure is necessary to obtain the court's jurisdiction. All the previous cases, such as McQuillan, had been decided on the basis of the statute prior to its revision.
The new statute, which applied in Tolly and applies in the present case, provides, in subsection (d), "If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal." The Supreme Court interpreted that provision as applying to all defects in the process except untimely service. That is to say, only untimely service would go to subject matter jurisdiction and require automatic dismissal; any other defect in the process would not affect the court's jurisdiction, but rather would be the basis for dismissing an appeal only if the agency showed it was prejudiced by the defect. "The conclusion (is) that subject matter jurisdiction of the court is implicated only if there is a CT Page 8494 total failure to serve the agency within the forty-five day period, and not if there is merely a defect in the document timely served on the agency . . . ." Tolly v. DHR, supra,225 Conn. 29. For defects other than untimely service, "§ 4-183
(d) applies, and the appeal is dismissable only upon a finding of prejudice to the agency." Id.
Applying the reasoning of the Tolly decision to the facts of the present case, the court concludes that the defects in the process cited by the defendants and summarized above do not implicate the court's subject matter jurisdiction. Rather, they render the appeal dismissable only upon a showing of prejudice to the insurance department. This conclusion is supported by the familiar axiom, noted by the Supreme Court in Tolly, that "The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Id. As the Tolly court also noted, "The legislative history (of the 1989 revision of § 4-183) . . . reflects a general intent to modify the prior law so as to simplify and make more fair the process of appealing an agency decision under the UAPA." Id.
In the present case, the insurance department has not shown that it has been prejudiced to any degree by the failure of the plaintiffs to issue a citation to the sheriff or to include a return date with appropriate instructions in the petition on appeal.
For all of the foregoing reasons, the defendants' motions to dismiss are denied. The plaintiffs are ordered to amend their appeal within fifteen days by specifying a proper return date.
MALONEY, J.