[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commenced this action against the defendants, who are neighboring landowners, alleging that the defendants had interfered with her use of her land. Service of process was accomplished on July 1, 1997. On August 1, 1997, thirty-one days later, the defendants filed an appearance by counsel and moved to dismiss the plaintiff's action, initially for two reasons: that the allegations of the plaintiff were not personally verified by her, and that no summons was issued along with the complaint.
On August 11, 1997, the plaintiff filed an affidavit verifying the allegations in the complaint and in the application for temporary injunction. Conn. Gen. Stat. Sec. 52-471 (b) provides that no injunction may be issued unless the facts stated in the application are verified under oath. The court issued no injunction prior to August 11, and has as yet entered no orders against the defendants. The plain language of 52-471 prohibits CT Page 11106 the court from issuing an injunction if the verification is lacking, but it does not deprive the court of jurisdiction to entertain the lawsuit or to issue process to defendants. The lack of an oath can be and was in this case cured by the affidavit of the plaintiff.
The plaintiff admits that no summons form such as Conn. Prac. Bk. Form 103.1 (JD-CV-1) was served on the defendants. The plaintiff argues that the Order to Show Cause with which the defendants were served is a valid substitute to the more traditional summons form.
Conn. Gen. Stat. Sec. 52-45a provides:
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ . . . shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable.
Conn. Prac. Book Sec. 49 provides:
 Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ . . . shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. Except is those actions and proceedings indicated below, the writ of summons shall be on a form substantially in compliance with . . . Form JD-CV-1.
In certain circumstances, courts have held that the traditional form of process need not be used as long as the elements of a writ of summons are otherwise contained in a paper properly served on the defendant. In McQuillan v. Department ofLiquor Control, 216 Conn. 667 (1990), the petitioners filed an appeal from the action of an administrative agency and filed an application for an injunction preventing the agency from taking certain actions against the petitioner. The petitioner did not use a preferred summons form for the institution of an administrative appeal. The Supreme Court held that in an attempt to simultaneously file the appeal and request a temporary CT Page 11107 injunction, the show cause order on the injunction summoning the defendant to court was alone sufficient. Although the show cause order, on its face, did not expressly direct the defendant to appear in, or to answer, the plaintiff's administrative appeal, the court held that
 [i]f the form . . . clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. . . . Absent an affirmative showing of prejudice by the defendant . . . the mistaken use of [a form] does not warrant the dismissal of an administrative appeal.
Id., at 672-73.
More recent authority suggests that the failure to adhere strictly to all the requirements of the statute and Practice Book concerning mesne process is fatal to the assumption by the court of subject matter jurisdiction. In Hillman v. Greenwich,217 Conn. 520 (1991), the court held that in an action for damages and injunctive relief, service of the complaint on the defendant without any form of a summons at all failed to confer jurisdiction on the court and could not be cured by an amended complaint subsequently served with a proper summons in the same action.
These two leading cases, decided less than three months apart, require this court to analyze to which of those cases the current situation is most analogous. McQuillan is notable for its holding that a proper summons to appear at, essentially, apendente lite proceeding that is part of the main lawsuit can also be deemed to be notice of the main lawsuit sufficient to confer subject matter jurisdiction. The citation in the McQuillan
case was also, however, the Superior Court phase of an ongoing controversy, see, e.g., Goodman v. Bank of Boston Connecticut,27 Conn. App. 333, 339 (1992), that had already been the subject of a set of administrative proceedings pursuant to statute under the Uniform Administrative Procedure Act. As an appeal to the Superior Court rather than the initiation of a free-standing civil proceeding, the requirements to confer jurisdiction on the court sprang not from the statutes and rules requiring the use of mesne process, but from a separate set of statutory dictates in CT Page 11108 the UAPA, Conn. Gen. Stats. Sec. 4-183 et seq. Moreover, Conn. P.B. Sec. 49 specifically exempts administrative appeals from the requirements to use a summons form substantially like JD-CV-1 in the commencement of the action.
The plaintiff's civil action here is founded on the complaint containing five counts. In the prayer for relief, the plaintiff asks the court for a temporary and permanent injunction, money damages and attorney fees. No summons accompanied the complaint, although an order to show cause notified the defendants of a hearing on the application for a temporary injunction and summoned them to it. The defendants were never summoned to court to appear and to answer the allegations in the complaint.
The failure to initiate a civil lawsuit through the use of mesne process deprives the court of jurisdiction.[1] For this reason the motion to dismiss is granted.
PITTMAN, J.