## ALFRED CHIULI
*vs.*
## CITY OF HARTFORD

Superior Court      Hartford County      File No. 60058

MEMORANDUM FILED OCTOBER 28, 1940.

*Emanuel G. Goldstein,* of Hartford, for the Plaintiff.

*Vincent W. Dennis,* Corporation Counsel, of Hartford, and *Harold Borden,* Assistant Corporation Counsel, of Hartford, for the Defendant.

FOSTER, J. This action is for the recovery of damages for injuries received in a fall on a slippery sidewalk. Section 1420 of the General Statutes, Revision of 1930, provides: "No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within sixty days thereafter, or, if such defect shall consist of snow or ice or both, within ten days thereafter, be given to a selectman of such town, or to the clerk of such city or borough. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such town, city, corpora-tion or borough was not in fact misled thereby."

In his complaint as amended the plaintiff alleges that he gave to the defendant city the following written notice.

"February 8, 1939.

To:

The Town and City Clerk of Hartford,

Dear Sir:

Notice is hereby given to you and through you to the Town and City of Hartford that Alfred Chiuli of 219 Sheldon Street, Hartford, intends to make claim against the Town and City of Hartford for damages for the reasons hereinafter set forth.

Mr. Chiuli was injured as a result of a fall due to the slippery and dangerous condition of the sidewalk on the west side of Governor Street.

The particular portion of sidewalk on which Mr. Chiuli fell is located at the north property line of property known as Nos. 111 and 111A Governor Street and is directly in front of a large iron pipe located on the north property line of said premises.

Said sidewalk was slippery and dangerous due to a large amount of ice present thereon which said ice had been allowed to accumulate for a long and unreasonable time.

Mr. Chiuli was severely injured as a result of said fall and while, at the present time, the complete extent of his injuries are not fully ascertainable, he is now suffering from severe injury to his back and the lower portion of his body, and from nervous shock.

Very truly yours,
(Signed) Emanuel G. Goldstein
Attorney for Alfred Chiuli."

"The notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time; and (e) the place thereof.... The purpose of the requirement of notice to a municipality is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.'" *Christian vs. Waterbury*, 123 Conn. 152, 155.

In this notice the time when the plaintiff received his injuries is not stated. The notice is dated February 8, 1939. So far as appears in the notice the injuries might have been received at any time within ten days of that date. Conditions of snow and ice change rapidly. *Nicholaus vs. Bridgeport*, 117 Conn. 398, 400.

The demurrer to the complaint as amended is sustained.