ROSE DELVECCHIO *v.* DEPARTMENT OF
INCOME MAINTENANCE
(6867)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 14, 1988—decision released March 28, 1989

*Brian P. Maher,* for the appellant (plaintiff).

*Martin Rosenfeld,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* act-

O'CONNELL, J. This is an appeal from the dismissal of the plaintiff's administrative appeal from the denial of Title XIX benefits by a department of income maintenance hearing officer. The plaintiff claims the trial court erred in finding that her appeal did not comply with the requisite appeal statute.[1] We find no error.

The trial court dismissed the appeal because of two defects: (1) improper service and (2) lack of a citation. The Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-183 et seq., establishes the requirements for appeals from state administrative agencies. The department of income maintenance is an agency within the scope of UAPA.[2]

It is fundamental that appeals to courts from administrative agencies exist only under statutory authority and that there must be strict compliance with the statute that created the right to appeal. *Donis* v. *Board of Examiners in Podiatry,* 207 Conn. 674, 683, 542

---

[1] General Statutes § 4-183 (b) as it appeared at the time this appeal was taken provides in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition in the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides . . . . Copies of the petition shall be served upon the agency and all parties of record . . . except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, *to the office of the commissioner of the agency or to the office of the attorney general in Hartford.*" (Emphasis added.) That statute has been amended effective July 1, 1989.

[2] General Statutes § 4-166 (1) as it appeared at the time this appeal was taken defines "Agency" as "each state board, commission, department or officer, other than the legislature, courts, judicial review council, council on probate judicial conduct, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases." That statute has been amended effective July 1, 1989.

A.2d 726 (1988). Moreover, the statutory requirements are jurisdictional and failure to comply with them subjects an appeal to dismissal. Id.

General Statutes § 4-183 (b) provides a choice between two methods of commencing an administrative appeal: By service of a petition on the state agency, as in civil cases, or by certified or registered mail. Here, the plaintiff elected to commence her appeal by way of the mailing procedure. In such cases, the statute mandates that the petition be mailed "to the office of the commissioner of the agency or to the office of the attorney general in Hartford." The plaintiff sent one copy of her petition by certified mail addressed to the "Department of Income Maintenance, Fair Hearing Unit, 117 Main Street Extension, Middletown, Connecticut" and a second copy addressed to the "Department of Income Maintenance, 925 Housatonic Avenue, Bridgeport, Connecticut." Neither addressee is the office of the commissioner of the department of income maintenance or the office of the attorney general. Accordingly, there has been no valid service upon the department of income maintenance and the trial court was correct in dismissing the appeal. *Farmington River Watershed Assn., Inc.* v. *Pac,* 17 Conn. App. 165, 166, 550 A.2d 1101 (1988).

In addition to proper service, a valid appeal must contain a citation signed by a competent authority and contain a notice of the return date and notice of the requirement of filing an appearance. *Chestnut Realty, Inc.* v. *CHRO,* 201 Conn. 350, 356–57, 514 A.2d 749 (1986); *Atkins* v. *Bridgeport Hydraulic Co.,* 5 Conn. App. 643, 645–46, 501 A.2d 1223 (1985). Here, the plaintiff failed to annex a citation to her petition. She claims that the elimination of the requirement of service by a sheriff also abolished the necessity of a citation. That is not the law; nor is this a case of first impression.

The necessity of a citation was first ruled upon by the Appellate Session of the Superior Court in *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 716, 461 A.2d 997 (1983), and subsequently by this court in *Atkins* v. *Bridgeport Hydraulic Co.,* supra. " 'The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . A proper citation is essential to the validity and the jurisdiction of the court.' (Citations omitted.) *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* [148 Conn. 336, 339, 170 A.2d 732 (1961)]. The purpose of General Statutes § 4-183 (b) is not to obviate the need for a citation, but rather to permit service upon the administrative agency in a manner different from ordinary civil actions, that is, by registered or certified mail." *Atkins* v. *Bridgeport Hydraulic Co.,* supra.

Either the lack of proper service upon the department of income maintenance or the lack of a citation would have been fatal to the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.