SUSAN SENIE *v.* LESLIE CAROTHERS, COMMISSIONER
OF ENVIRONMENTAL PROTECTION, ET AL.
(8657)

DUPONT, C. J., NORCOTT and LAVERY, Js.

Argued May 8—decision released July 3, 1990

*Creighton M. English,* for the appellant (plaintiff).

*David H. Wrinn,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* attorney general, and *Joseph Rubin* and *Brian J. Comerford,* assistant attorneys general, for the appellee (named defendant et al.).

*Edward V. O'Hanlan,* for the appellee (defendant Cedar Point Yacht Club).

PER CURIAM. The sole issue in this case is whether failure to annex a citation to a petition of appeal from the final decision of an administrative agency of this state deprives the Superior Court of jurisdiction to entertain this appeal. The trial court granted a motion to dismiss for lack of jurisdiction and we agree.

This case is controlled by *DelVecchio* v. *Department of Income Maintenance,* 18 Conn. App. 13, 555 A.2d 1007 (1989). This court in *DelVecchio* said: "In addition to proper service, a valid appeal must contain a citation signed by a competent authority and contain

a notice of the return date and notice of the requirement of filing an appearance. *Chestnut Realty, Inc.* v. *CHRO,* 201 Conn. 350, 356–57, 514 A.2d 749 (1986); *Atkins* v. *Bridgeport Hydraulic Co.,* 5 Conn. App. 643, 645–46, 501 A.2d 1223 (1985). Here, the plaintiff failed to annex a citation to her petition. She claims that the elimination of the requirement of service by a sheriff also abolished the necessity of a citation. That is not the law; nor is this a case of first impression.

"The necessity of a citation was first ruled upon by the Appellate Session of the Superior Court in *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 716, 461 A.2d 997 (1983), and subsequently by this court in *Atkins* v. *Bridgeport Hydraulic Co.,* supra. ' "The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . A proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Citation omitted.) *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* [148 Conn. 336, 339, 170 A.2d 732 (1961)]. The purpose of General Statutes § 4-183 (b) is not to obviate the need for a citation, but rather to permit service upon the administrative agency in a manner different from ordinary civil actions, that is, by registered or certified mail.' *Atkins* v. *Bridgeport Hydraulic Co.,* supra.

"Either the lack of proper service upon the department of income maintenance or the lack of a citation would have been fatal to the plaintiff's appeal." *Del-Vecchio* v. *Department of Income Maintenance,* supra, 15–16.

Since the adoption of the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; and through every amendment since its adoption, a cita-

tion is required for the trial court to acquire jurisdiction over an administrative appeal from a state agency.

The judgment is affirmed.