[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS DATED 7/12/90
This is an appeal of the April 24, 1990 decision of the defendant Commission on Human Rights and Opportunities [hereinafter the "CHRO"] brought by plaintiff United Technologies Corporation, Pratt Whitney Division [hereinafter "Pratt Whitney"] pursuant to Conn. Gen. Stat. 4-183, 46a-95. The CHRO's decision of April 24 was based on a complaint filed by defendant Joanne Muir-Duncan on December 21, 1981. Pratt Whitney alleges aggrievement in that the CHRO found no evidence of discrimination by Pratt Whitney, yet ordered it to pay attorney fees and the CHRO's costs.
On June 5, 1990, Pratt Whitney filed a petition for review in the superior court of Hartford/New Britain at Hartford. Pratt Whitney neglected, however, to include with the petition a citation, the form of which is set forth in Conn. Gen. Stat.52-45b. Pratt Whitney attempted to cure this defect by sending a citation by certified mail to the CHRO and Ms. Muir-Duncan and her counsel on June 12, 1990. Pratt Whitney failed, however, to affix copies of the petition to the citations, although it did serve a citation and petition on the Attorney General's office on June 12, 1990. Service was effected on Ms. Muir-Duncan by certified mail.
On July 12, 1990, the CHRO filed a motion to dismiss together with a supporting memorandum. The CHRO alleged that Pratt Whitney's failure to include a proper citation constituted an insufficiency of service. Therefore, the CHRO alleged that Pratt Whitney failed to file an appeal within 30 days of decision as required by Conn. Gen. Stat. 4-183 in administrative proceedings begun before July 1, 1989.
On July 18, 1990, Pratt Whitney filed a memorandum in opposition, alleging that Conn. Pub. Acts. No. 88-317, which amended Conn. Gen. Stat. 4-183(c) to allow 45 days to file an appeal, applied to its appeal. Pratt Whitney also denied that its filing was improper.
The issues now before the court is should the defendant's motion to dismiss for lack of subject matter jurisdiction and insufficiency of process and service of process be granted?
A motion to dismiss is properly granted when there is lack of personal or subject matter jurisdiction, improper venue, insufficient process or service or process. Conn. Practice Bk. CT Page 3339 143 (rev'd to 1978, as updated to October 1, 1989). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 2
(1984).
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the Court." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 298 (1987). The complaint must be dismissed if the face of the record indicates the court has no jurisdiction. Upson v. State, 190 Conn. 622, 624 (1980).
Thirty Day Filing Period
The parties disagree as to whether Conn. Pub. Acts No. 88-317, which amended Conn. Gen. Stat. 4-183 to extend the filing period for administrative appeals from 30 to 45 days, applies to the case at hand. Section 4-183 contains the caption "Text of section effective July 1, 1989." Moreover, Conn. Gen. Stat. section 4-185, the "application chapter," states: "This chapter . . . appl[ies] to all agency proceedings commenced on or after July 1, 1989. Each agency proceeding commenced before July 1, 1989 is governed by the law in effect when the proceeding was commenced." Section 107 of Conn. Pub. Acts 88-317 contains identical language, and when the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Kelemen v. Rimrock Corp., 207 Conn. 599, 606
(1988).
Pratt Whitney argues that by using the language "agency proceedings commenced on or after July 1, 1989," the legislature was not referring to actual "judicial proceedings," i.e., appeals in court of "agency proceedings."
As pointed out in the CHRO's reply, however, this argument was rejected in Hanson v. CHRO, Docket No. CV-89-0364572, J.D. of Stamford/Norwalk at Stamford, Memorandum of Decision on Motion to Dismiss, February 9, 1990, Lewis, J. "Since plaintiff's original complaint was filed with the CHRO in 1987, this appeal is governed by the old act." Id. at 3.
The 30 day period applies here because the agency proceeding commenced in 1981.
Inadequate Citation
The right to appeal administrative decisions is created by CT Page 3340 statute. Farricelli v. Personnel Appeal Board, 186 Conn. 198,201 (1982); and "a statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356 (1986). "An administrative appeal under Conn. Gen. Stat. 4-183 requires a proper citation, and [the] failure to cite a necessary party to the appeal renders the appeal dismissable for lack of jurisdiction." Daniels v. New Haven Police Dept., 3 Conn. App. 197, 99 (1985).
The purpose of a citation is to notify adverse parties to appear in court and answer the complaint. Village Creek Homeowners Assn. v. PUC, 148 Conn. 336 (1961). "The citation is . . . the important legal fact upon which judgment rests. A proper citation is essential to the validity of the appeal and the jurisdiction of the court." Id. at 339. Because the statutory requirements are jurisdictional, failure to comply warrants dismissal. DelVecchio v. Dept. of Income Maintenance,18 Conn. App. 13, 15 (1989).
Pratt Whitney's June 5 petition contained no citation. Although it attempted to cure this defect by mailing a citation and recognizance dated June 12, 1980, Pratt Whitney failed to annex a copy of the petition. The only argument Pratt Whitney offers, on pages 6-7 of its opposition, is that the later mailing constituted proper citation. The failure to annex a citation to a petition, however, is tantamount to no citation and fatal to the appeal. DelVecchio, 18 Conn. App. at 16.
Because the CHRO's order was mailed on April 30, 1990, Pratt Whitney should have filed its appeal by May 1, 1990. (30 days). But even if the 45 day filing period were applicable, the appeal would still fail because no proper citation was ever served. The June 12 "citation" was improper and the 45 days have since run in any case.
The failure to serve the petition and citation together constitutes failure of service, which is a jurisdictional defect. Therefore, the CHRO's motion to dismiss the appeal is granted.
CLARK, J.