[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the petitioner, Srul Bekker has appealed from a decision of the Department of Income Maintenance (defendant) denying him a direct cash benefit from the federal energy assistance program for the 1988-1989 heating season.
In April, 1989, Michael Bekker, the son of the petitioner, called the Department inquiring as to when the petitioner would be receiving his cash benefit which he claimed had been applied for several months prior to his call. He was told initially that the checks were being mailed late because of the volume involved. Mr. Bekker called again a few weeks later because the petitioner still had not received his check, and at this time the records were checked and he was told that there was no record that any application for benefits had in fact been filed with the Department. The representative of the Department CT Page 3778 advised Mr. Bekker that the deadline for applying for the direct cash benefit under the Federal Energy Program was March 15, 1989, no application had been filed by that date, and that no benefits could be paid.
The petitioner then filed a request for a fair hearing pursuant to Connecticut General Statutes 17-2a and 17-2b. The request was received on July 27, 1989, and after proper notice, a hearing took place at the home of the petitioner on August 29, 1989. The hearing was held in the petitioner's home because of his advanced age. A full and complete hearing was held by the hearing officer. The conclusion reached by the hearing officer, based on all the evidence presented, was that the petitioner had failed to submit the required application before the deadline, he upheld the prior decision of the Department, and denied the petitioner's request for the direct cash benefit. The petitioner then filed this appeal from the decision of the fair hearing officer.
This court has a very limited role in an appeal of this type.
 "Judicial review of the commission's budget decision is governed by the Uniform Administrative Procedure Act. General Statutes 4-166 et seq. With regard to questions of fact, it is neither the function of the trial court nor of this court `to retry the case or to substitute its judgment for that of the administrative agency.' Madow v. Muzio, 176 Conn. 374, 376, 407 A.2d 997 (1978); Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318, 438 A.2d 103
(1980); see General Statutes 4-183 (g). `Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 5, 434 A.2d 293 (1980); Cervantes v. Administrator, 177 Conn. 132, 134, 411 A.2d 921 (1979).' Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008 (1981)." Griffin Hospital v. Commission on Hospitals and Health Care, 200 Conn. 489, 496 (1986). CT Page 3779
If this court determines that the legal conclusions reached by the fair hearing officer in this case resulted from a correct application of the law to the facts found and that the facts found were supported by the record, then this court has no authority to overturn the decision reached. See All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 192,194.
A preliminary issue to be resolved is the question of jurisdiction which has been raised by the Department. The claim is that the appeal is fatally defective in that it is not signed by a competent authority, that it has no return date, and that it contains no notice of the requirement of filing an appearance. All of these claims are factually true.
The right to take an appeal from the decision of an administrative agency exists only by statute and any such appeal must be taken in strict compliance with the statutes. Donis v. Board of Examiners in Podiatry, 207 Conn. 674, 683 (1988). The Department is an administrative agency as contemplated by the Uniform Administrative Procedure Act (UAPA), Connecticut General Statutes 4-166 et seq., and the requirements for appeals from such an agency is governed by 4-183 et seq.
The law is clear that "a valid appeal must contain a citation signed by a competent authority and contain a notice of the return date and notice of the requirement of filing an appearance." Senie v. Leslie Carothers, Commissioner, 22 Conn. App. 253
(1990). These jurisdictional essentials were not included in the petitioner's appeal. That a motion to dismiss because of lack of jurisdiction was previously denied is not controlling on this court. The fact that the petitioner has been proceeding pro se does not allow this court to ignore obvious jurisdictional defects. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324 (1985).
Accordingly, the appeal must be dismissed for lack of jurisdiction.
Even if this court should decide to overlook the lack of jurisdiction based on the petitioner's claim that he is proceeding pro se and that the Department has not been prejudiced because it received actual notice of the appeal, a decision which would fly in the face of the law as pronounced in innumerable decisions of the Supreme Court and Appellate Court, this appeal must be dismissed on its merits.
As set forth above, this court's ultimate duty is to decide whether the Department has, in the light of the evidence acted unreasonably, arbitrarily, illegally, or in abuse of its CT Page 3780 discretion. Griffin Hospital v. Commission, supra, 496.
It is not necessary for this court to review the evidence which was presented at the fair hearing. It is sufficient to note that it was overwhelming in nature and was clearly sufficient to support the conclusion that the petitioner did not file the required application before the deadline. The decision denying the petitioner's request for direct cash benefits was not unreasonable, arbitrary, illegal, or an abuse of discretion.
The appeal is dismissed based on a lack of jurisdiction and on its merits.
WILLIAM L. HADDEN, Jr., Judge