[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The issue presented is either the plaintiff's administrative appeal, which lacked a citation, should be dismissed for lack of subject matter jurisdiction.
The plaintiff appealed from a decision of the State Employees Retirement Commission ("Commission"). The Commission moves to dismiss the plaintiff's appeal for lack of a citation. Both parties filed memoranda of law. The plaintiff's appeal was brought under the authority of the Uniform Administrative Procedure Act (UAPA). General Statutes Section 4-166 et seq., (rev'd to 1989 as amended). Because the statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created; Simko v. ZBA, 206 Conn. 374,377 (1988); in this context, defects in process deprive the court of subject matter jurisdiction. See Bridgeport v. Debek,210 Conn. 175, 179-180 (1989).
The plaintiff's petition lacked a citation, writ or other summons appended. The Commission argues that the plaintiff failed to meet the requirements of General Statutes Section 4-183 (c) (as amended, effective on and after July 1, 1989). See P.A. 88-317, Section 23, where the legislature revised Section 4-183; the revision to apply to appeals pending before the agency on or after July 1, 1989. Former Section4-183 (b) was renumbered Section 4-183 (c). The plaintiff essentially argues that the 1989 amendment did away with the necessity of a citation as it affords a plaintiff the option of making service by mail.
The court is not persuaded.
The option of service of process on a state agency by mail in an administrative appeal was created in 1979. General Statutes Section 4-183 (b) (amended to 1981) (P.A. 79-163). In Board of Education of the City of New Britain v. Connecticut State Board of Education, 38 Conn. Sup. 712 (App. Sess. 1983), the court rejected an argument similar to the plaintiff's here, that the option of mailing an appeal eliminated the need for a citation. Two superior court cases also considered whether a citation is a necessary element of a petition under Section4-183 since the effective date of the 1989 revision. Both held that a proper citation was essential to the jurisdiction of the court. See Board of Mediation and Arbitration v. FOIC, 3 CTLR 17 (December 4, 1990, Maloney, J.) and Solsbury v. Aronson,6 CSCR 161 (January 28, 1991, Aronson, J.). CT Page 7763
Although the language has changed, section 4-183 (c) continues to provide for alternative methods of service of process in substantially the same matter as its predecessors since 1979. The 1989 revision does not abolish the necessity for a citation. The statute merely established a method of service upon the agency in a manner different from ordinary civil actions, to wit: by registered or certified mail. Senie v. Carothers, 22 Conn. App. 253, 254 (1990). The plaintiff's appeal utterly failed to include a return date, summon the defendant to court or provide notice of the requirement of filing an appearance. Hence, the appeal lacked a citation, or anything akin to it. "(The) absence of a citation, signed by a competent authority, as required by Section 4-183 (b), renders an administrative appeal fatally defective." Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356 (1986); "A proper citation is essential to the validity of the appeal and the jurisdiction of the court." Senie v. Carothers, supra, 254.
The failure of the plaintiff's appeal to contain a citation renders his appeal invalid, and deprives this court of jurisdiction to hear it.
"Since the adoption of the UAPA, General Statutes Section 4-166 et seq.; and through every amendment since its adoption, a citation is required for the trial court to acquire jurisdiction over an administrative appeal from a state agency." Senie v. Carothers, supra, 254-255. The plaintiff's reliance on the 1989 amendment, Section 4-183 (c), is misplaced.
Accordingly, the plaintiff's appeal is dismissed.
Teller, J.