[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 6, 1988, plaintiff, Eileen Sears, filed a complaint with the CHRO, charging her employer, Blue Cross Blue Shield of Connecticut, Inc., with discrimination because of her age and physical disability in violation of General Statutes46a-60(a)(1). After granting two prior requests by plaintiff to reconsider her claim, the CHRO, on October 10, 1991, denied plaintiff's third request. Thereafter, on November 22, 1991, plaintiff filed this appeal.
Pursuant to Practice Book 142, the CHRO filed the pending motion to dismiss and supporting memorandum of law on the ground that plaintiff failed to comply with the statutory notice requirements set forth under General Statutes 4-183(b). Plaintiff has filed an opposing memorandum of law.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). In ruling on a motion to dismiss, the court must accept as true all material factual allegations and construe them most favorably to the plaintiffs. American Laundry Machinery Inc. v. State, 190 Conn. 212,217, 459 A.2d 1031 (1983). Every presumption favoring jurisdiction should be utilized, Connecticut Light Power Co. v. Castle, 179 Conn. 415, 421, 426 A.2d 1324 (1980), and the motion may be granted only if it is clear, on the face of the record, that the court is without jurisdiction, Upson, supra.
The CHRO argues that the version of General Statutes in effect when plaintiff filed her complaint against her employer requires that notice be served upon all parties of record within thirty days of the date of the final agency action. The CHRO contends that because it was served with a copy of plaintiff's CT Page 6796 petition for appeal forty-three days after it issued its decision denying her request for reconsideration, the court lacks subject matter jurisdiction.
Plaintiff argues that the amended version of General Statutes 4-183 is controlling and that she had forty-five days within which to serve the CHRO with notice of her appeal.[1]
Plaintiff contends that she has complied with 4-183 by serving the CHRO with notice forty-three days after the CHRO issued its final decision.
The Uniform Administrative Procedure Act (UAPA), General Statutes 4-183 et seq., establishes the procedural requirements for appeals from state administrative agencies. The Commission on Human Rights and Opportunities is an agency within the scope of the UAPA.[2] "It is fundamental that appeals to courts from administrative agencies exist only under statutory authority and that there must be strict compliance with the statute that created the right to appeal. Moreover, the statutory requirements are jurisdictional and failure to comply with them subjects an appeal to dismissal." (Citations omitted.) DelVecchio v. Department of Income Maintenance, 18 Conn. App. 13,14-15, 555 A.2d 1007 (1989).
The UAPA, including General Statutes (Rev. to 1987) 4-183, was significantly revised in 1989 by Conn. Pub. Acts No. 88-317. The revision provides that "[a]ll agency proceedings commenced prior to July 1, 1989, the effective date of the revisions, are governed by the law in effect when the proceeding was commenced. General Statutes (Rev. to 1987) 4-185." Miko v. Commission on Human Rights Opportunities, 200 Conn. 192, 196 n. 3,596 A.2d 396 (1991).
Plaintiff filed her complaint against Blue Cross Blue Shield of Connecticut, Inc. with the CHRO on or about April 6, 1988. Therefore, the pending appeal is governed by the law applicable prior to the July 1, 1989 revision. General Statutes4-183(b) as it appeared at the time plaintiff filed the aforementioned complaint provides in pertinent part:
 Proceedings for such appeal shall be instituted by filing a petition in the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides . . . within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of CT Page 6797 the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon. . . .
In the instant matter, the CHRO "issued" its final decision denying plaintiff's request for reconsideration on October 10, 1991. On November 22, 1991, forty-three days after the CHRO's final decision was issued, plaintiff served the CHRO with a copy of the appeal. Thus, based on the foregoing, the plaintiff has failed to comply with the statutory notice requirements set forth under 4-183(b).
For the foregoing reason the motion to dismiss is granted.
Howard F. Zoarski, Judge