[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (NO. 105)
The issue before the court is whether defendant's motion to dismiss should be granted for lack of jurisdiction because of plaintiff's failure to summon the administrative agency as a defendant in this matter.
It is found that plaintiff's failure to summon the agency is a fatal defect which deprives the court of subject matter jurisdiction and requires the dismissal of plaintiff's appeal.
This is an appeal from the dismissal of plaintiff, Sybrenia Robinson's ("Robinson") complaint by the Commission on Human Rights and Opportunities ("CHRO"), against defendant, Pez Candy, Inc. ("Pez").[1] The court notes that the summons and appeal name only Pez as a defendant in this action.
In her appeal, plaintiff claims that the CHRO erred in finding that her complaint against Pez "would be dismissed for lack of sufficient evidence." (See Appeal from Decision of the CHRO, dated December 23, 1991, para. 3.) CT Page 11581 Specifically, plaintiff claims that on November 14, 1990, she filed a complaint with the CHRO alleging that "Pez discriminated against her in denying her application for promotion" and thereafter that "[b]y letter dated November 14, 1991, the CHRO informed [Robinson] that her complaint against Pez would be dismissed . . . ." Id., paras. 2, 3. This appeal, filed with the court within forty-five days after the notice of the final decision by the CHRO, is timely pursuant to section 4-183(c)[2] of the General Statutes. On January 3, 1992, plaintiff's counsel filed an affidavit stating that on December 23, 1991, he "caused to be served upon Pez Candy, Inc. and the Office of the Attorney General, by certified mail, return receipt requested, a copy of the appeal" in this matter. (See Affidavit of Christopher P. DeMareo, #102, para. 3.) Plaintiff further states that the Attorney General was served "in lieu of" the CHRO. Id.
The court does note that Pez filed an appearance on January 21, 1992 and an answer on April 6, 1992; the CHRO has not filed an appearance as yet.[3]
Presently before the court is defendant Pez's motion to dismiss plaintiff's appeal for lack of subject matter jurisdiction. In its memorandum in support of the motion to dismiss, the defendant argues that plaintiff's failure to issue a citation or writ of summons to the CHRO commanding said commission to appear before the court as a defendant in this action requires the court to dismiss the appeal.
Plaintiff argues in opposition that: (1) it has served and summoned and named defendant (Pez) in compliance with General Statutes, Sec. 4-183; (2) plaintiff's failure to serve and summon the CHRO does not deprive the court of subject matter jurisdiction (but does deprive the court of personal jurisdiction over the CHRO); and (3) that defendant's motion to dismiss is not the proper method to raise the issue of nonjoinder of a party.
This motion may be decided on the first issue above-mentioned. Failure to cite and serve the administrative agency which investigated and determined the underlying complaint, deprives the court of jurisdiction over the subject matter and is fatal to plaintiff's appeal. Given that the appeal must be dismissed due to the jurisdictional insufficiency, the court need not address the other issues CT Page 11582 advanced in the motion.
The motion to dismiss is the proper vehicle to assert lack of subject matter jurisdiction. Practice Book, Sec. 143. "Any defendant, wishing to contest the court's jurisdiction may do so . . . by filing a motion to dismiss within thirty days of the filing of an appearance." (Emphasis added.) Practice Book, Sec. 142. A procedural defect that implicates subject matter jurisdiction cannot be waived, may be raised at any time, and must be resolved before proceeding further with the case. Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988); LaCroix v. Board of Education, 199 Conn. 70, 80 n. 8, 505 A.2d 1233 (1986).
The defendant's motion to dismiss for lack of subject matter jurisdiction is properly before the court.
General Statutes, Sec. 4-183 et seq., the Uniform Administrative Procedure Act ("UAPA"), sets forth the requirements for appeals from state administrative agencies. An "agency" within the meaning of the UAPA is a body which the legislature has given general powers of administration of a particular program in connection with which it has been given statutory authority to act for the state in the implementation of that program. Catholic Family Community Services v. CHRO, 3 Conn. App. 464, 489 A.2d 408 (1985). "Agency" is defined by the UAPA as "each state board, commission . . . authorized by law to make regulations or to determine contested cases . . . ." General Statutes, Sec.4-166(1). The CHRO is an "agency" within the scope of the UAPA.
Because the right to take an administrative appeal depends upon statutory authority, this court has regularly held that noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal. (Citations omitted.) McQuillan v. Department of Liquor Control, 216 Conn. 667, 670,583 A.2d 633 (1990); Donis v. Board of Examiners in Podiatry,207 Conn. 674, 683 542 A.2d 726 (1988); DelVecchio v. Department of Income Maintenance, 18 Conn. App. 13, 16, 555 A.2d 1007
(1989). A writ of summons is a statutory prerequisite to the commencement of a civil action and is analogous to a citation in an administrative appeal. Hillman v. Greenwich, 217 Conn. 520, CT Page 11583 526, 587 A.2d 99 (1991). In an administrative appeal, the citation is that part of the writ of summons that directs a duly authorized officer to summon the defendant agency to appear in court on a specific day to answer the plaintiff's complaint. McQuillan v. Department of Liquor Control, supra, 671. "A citation is not synonymous with notice." Id., 671, quoting Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336, 170 A.2d 732 (1961).
"The purpose of General Statutes, Sec. 4-183(b) is not to obviate the need for a citation, but rather to permit service upon the administrative agency in a manner different from ordinary civil actions, that is, by registered or certified mail." DelVecchio v. Department of Income Maintenance, supra, 16, quoting Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 645-46, 501 A.2d 1223
(1985). "Failure to include the citation required by Sec.4-183(b) is fatal to the validity of an administrative appeal." (Citations omitted.) McQuillan v. Department of Liquor Control, supra, 670.
As previously indicated, although the CHRO had been served with copies of the instant appeal, the plaintiff's appeal does not cite the CHRO as a defendant in this matter commanding the commission to appear. Because the CHRO was not named in the summons portion of the citation, the CHRO is not a defendant in this action. A proper citation is essential to the validity and jurisdiction of the court, DelVecchio v. Department of Income Maintenance, supra, 16, quoting Village Creek Homeowners Assn. v. Public Utilities Commission, supra, 339, and is not synonymous with notice. Shapiro v. Carothers, 23 Conn. App. 188, 579 A.2d 583 (1990). It is therefore found that this appeal is dismissed for want of jurisdiction.
McGRATH, J.