[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Commissioner of the Department of Income Maintenance has moved to dismiss this appeal from a decision by the Commissioner suspending the benefits of the appellant, Michael Beaulieu, for alleged failure to fulfill the conditions of the Workfare Program. The defendant Commissioner alleges that the court lacks jurisdiction because the plaintiff failed to serve the appeal on the Commissioner in the manner required by4-183(c) C.G.S. and failed to serve the Commissioner with a signed copy of the citation.
Section 4-183(c) C.G.S. provides that a person appealing from the final decision of a state agency "shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford. . . ." That statute further provides that service of the appeal "shall CT Page 2547 be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."
The sheriff's return of service states that on December 31, 1992, in Middletown, Connecticut, New Haven Deputy Sheriff T. Jerry Juliano served the defendant Commissioner, Audrey Rowe, by putting a copy of the notice of appeal "in the hands of William Kane, Chief of the Fair Hearing Unit, who accepted for Audrey Rowe, the Commissioner of the Department of Income Maintenance." Mr. Kane has filed an affidavit stating "4. That he made no representation to Sheriff Juliano that he was accepting service on behalf of the Commissioner of the Department of Income Maintenance."
Appeals to courts from the rulings of administrative agencies exist only under statutory authorization and there must be strict compliance with the statute that creates the right to appeal. Donis v. Board of Examiners in Podiatry, 207 Conn. 674,683 (1988). The statutory requirements are jurisdictional, and failure to comply with them subjects an appeal to dismissal. Id.
The defendant cites DelVecchio v. Department of Income Maintenance, 18 Conn. App. 13 (1989), in which an appeal served by mail to the Middletown office of the Department of Income Maintenance, Fair Hearing Unit, the same address at which Sheriff Juliano left all copies of the appeal herein, was found not to constitute valid service because of the statutory requirement of service at the "office of the commissioner of the agency or. . .the office of the attorney general in Hartford."
At the time of the filing of the appeal in DelVecchio,4-183, at then subsection (b), required service by mail to be sent "to the office of the commissioner of the agency or to the office of the attorney general in Hartford." In Public Act 88-317, the General Assembly substituted for the requirement of service "to the office of the commissioner of the agency or to the office of the attorney general in Hartford" a requirement that service be made "on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford." [emphasis added]. Public Act 88-317 has been recognized by the Connecticut Superior Court in Raines v. Freedom of Information Commission, 221 Conn. 482, 486 (1992) as "a CT Page 2548 comprehensive piece of legislation that substantially revised the Uniform Administrative Procedure Act (UAPA), General Statutes4-166 et seq." The elimination of the reference to service at the office of the commissioner must be given effect, Caron v. Inland Wetlands and Watercourses, 222 Conn. 269, 278 (1992), and it would be illogical to conclude that the amendment should be construed to require service at the office of the commissioner, when the requirement was specifically changed to omit any reference to the office of the commissioner.
The court finds that the plaintiff served the agency that rendered the decision complained of, and that 4-183(c) no longer appears to require such service to be made at the office of the commissioner rather than at the office from which the decision was actually issued.
The defendant raises the further claim that the court lacks jurisdiction because the copy of the appeal served on the defendant did not include a copy of a signed citation. A citation is a direction to the officer making service on an administrative agency that confers upon him or her the authority to make service of process. Sheehan v. Zoning Commission,173 Conn. 408, 413 (1977). Without a proper citation (which is the equivalent of a writ in a civil action) any attempted service by a sheriff is a nullity and the appeal is subject to abatement for want of jurisdiction. McQuillan v. Department of Liquor Control, 222 Conn. 541, 546 (1992); 1 E. Stephenson, Connecticut Civil Procedure (2d. Ed.) 18(a).
Section 49 of the Practice Book provides that if, as here, a person is proceeding without the assistance of counsel, "he shall sign the complaint and present the complaint and proposed writ of summons to the clerk," who shall sign it unless it is defective. The court file contains a citation signed by deputy chief clerk George Fasanella. Accordingly, the court finds that the appeal is not defective for want of a citation.
The defendant's claim that the citation was not served upon it does not identify a defect that would deprive this court of subject matter jurisdiction. The Supreme Court has recently held, in Brunswick v. Inland Wetlands Commission, 222 Conn. 541,550-51 (1992), that defects in a citation do not implicate subject matter jurisdiction but relate only to personal jurisdiction. CT Page 2549
Any failure to include a copy of the citation in the process served on the defendant does not, accordingly, deprive this court of subject matter jurisdiction.
The court is dismayed that the defendant has not referred to the amendment enacted in P.A. 88-317 and has cited only the Appellate Court decision in Brunswick, rather than the Supreme Court's ruling reversing the decision on the very point relied upon.
The motion to dismiss for lack of subject matter jurisdiction is denied as to both grounds.
Beverly J. Hodgson, Judge of the Superior court