[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal comes to this court pursuant to General Statutes § 4-176 (h) and 4-183 by the plaintiff, Richard Singer, from a declaratory ruling issued by the defendant, the State Employees Retirement Commission ("Commission"), denying the plaintiff's petition for recalculation of his disability retirement benefits.
The facts appearing from the record indicate that on March 1, 1986, after more than twelve years of service working "as a Plan B member of Tier I in the State Employees Retirement System [`SERS']," the plaintiff retired "on a non-service connected disability retirement." (Return of Record ["ROR"], Item III: Retirement Division Case History). The plaintiff, in accordance with General Statutes § 5-169, "was entitled to receive 36.25% of his average salary for the three highest years earnings . . . as yearly retirement benefit." (ROR, Item IV: Decision and Declaratory Ruling). CT Page 6344
Subsequently, and in accordance with General Statutes § 5-278 (f)(1), a binding pension arbitration award was issued in connection with changes to the SERS. (ROR, Item IV: Decision and Declaratory Ruling). Issue No. 25 of the pension arbitration award provides the following in pertinent part: "each member entitled to disability retirement under this section shall receive a retirement income . . . which is no less than sixty per cent of their rate of salary at the time their disability occurred." (ROR, Item IV: Decision and Declaratory Ruling). Thereafter, by a letter dated July 10, 1990, the plaintiff "requested that his retirement benefit be recalculated in accordance with the decision on Issue No. 25, `Guarantee minimum disability coverage', of the 1988-1994 Pension Arbitration Award." (ROR, Item III: Retirement Division Case History).
On September 20, 1990, the Commission unanimously denied the plaintiff's request. (ROR, Item III: Retirement Division Case History). On October 17, 1990, the plaintiff filed a "Petition for a Declaratory Ruling Pursuant to Section 4-176
of the C.G.S." (ROR, Item III: Retirement Division Case History, Exhibit F). Because the plaintiff introduced thirteen exhibits in connection with his request at a hearing conducted by the Commission on December 20, 1990, the plaintiff's request was subsequently "tabled to the Commission's January 17, 1991 meeting" to provide the Trustees an opportunity to review said exhibits. (ROR, Item I: December 20, 1990 Meeting Minutes of the Commission; Item III: Retirement Division Case History). On January 17, 1991, the Commission's vote on whether to affirm its September 20, 1990, decision resulted in a tie vote. (ROR, Item I: January 17, 1991 Meeting Minutes of the Commission). On February 21, 1991, the Chairman of the Commission voted to deny the plaintiff's request. (ROR, Item I: February 21, 1991 Meeting Minutes of the Commission). By its authority under General Statutes § 4-176 and Regulations of Connecticut State Agencies § 5-155-12, the Commission issued the following decision, dated May 16, 1991:
Declaratory Ruling
. . .
I. In accordance with the clear language of Issue CT Page 6345 No. 90 of the 1988-1994 Pension Arbitration Award, the provisions of Issue No. 25 of such award apply to disability retirements which commence after July 1, 1988.
 II. As the Petitioner's non-service connected disability retirement commenced on March 1, 1986, the provisions of Issue No. 25 of the 1988-1994 Pension Arbitration Award do not apply to him.
(ROR, Item IV: Decision and Declaratory Ruling).
On June 7, 1991, the pro se plaintiff filed the present appeal from the Commission's declaratory ruling. On February 25, 1991, the court, Teller, J., granted the Commission's motion to dismiss the plaintiff's appeal on the ground that the lack of a citation prevented the court from having subject matter jurisdiction over the plaintiff's appeal. Singer v.State Employees Retirement Commission, 6 CSCR 928, 928-29
(February 25, 1991, Teller, J.). The plaintiff appealed this decision and, in holding that service of process under General Statutes § 4-183 (c)(1) does not require the filing of citation, the Connecticut Appellate Court reversed the judgment and remanded the case "with direction to deny the motion to dismiss and for further proceedings. Singer v.State Employees Retirement Commission, 31 Conn. App. 922, 923, ___ A.2d ___ (1993).
On July 26, 1993, the Commission filed an answer to the plaintiff's appeal and additions to the record.
On September 27, 1993, the plaintiff filed a memorandum of law in support of his appeal. The plaintiff argues the following: the Commission made an erroneous conclusion of law in determining that July 1, 1988, was determinative of the substantive benefits contained in the pension arbitration award; the Commission made an erroneous conclusion of law in applying the plain meaning rule to the pension arbitration award; the intention of the pension arbitration award was to enhance the benefits of current disability retirees; the Commission made an erroneous conclusion of law in holding that the pension arbitration award may not be applied retroactively; and the administrative findings, inferences, and conclusions, or decisions of the Commission are in violation of the provisions of General Statutes § 4-183 (j). CT Page 6346
On November 30, 1993, the Commission filed a memorandum of law in opposition to the plaintiff's appeal. The Commission argues the following: Issue No. 25 of the 1988-94 pension arbitration award does not apply to the plaintiff because it is not retroactive; and the Commission acted within its authority when it equalized voting strength.
On December 13, 1993, the plaintiff filed a reply memorandum of law. A hearing was held in this court on April 4, 1994.
JURISDICTION
"It is well established that the right to appeal an administrative action is created by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105,120, 627 A.2d 1257 (1993), citing Munhall v. InlandWetlands Commission, 221 Conn. 46, 50, 602 A.2d 566 (1992). Such statutory provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988).
Aggrievement
"A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes § 4-183 (a). "A declaratory ruling shall . . . be a final decision for purposes of appeal in accordance with the provisions of section 4-183." General Statutes § 4-176 (h).
"[I]n order to have standing to bring an administrative appeal, a person or entity must be aggrieved." (Citations omitted.) New England Rehabilitation Hospital of Hartford,Inc. v. CHHC, supra, 120; see Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991) (aggrievement must be found prior to considering the merits of an administrative appeal). "Aggrievement is a question of fact for the trial court and the plaintiff has the CT Page 6347 burden of proving that fact." New England RehabilitationHospital of Hartford, Inc. v. CHHC, supra, 120, citing Olsenv. Inland Wetlands Commission, 6 Conn. App. 715, 718,507 A.2d 495 (1986).
 "The test for determining aggrievement is a two part inquiry: `[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . ."
(Citations omitted.) New England Rehabilitation Hospital ofHartford, Inc. v. CHHC, supra, 121. A "plaintiff's personal and legal interest in receiving retirement benefits to the full extent of the law has been injuriously affected by the Commission's ruling." LoPresto v. State Employees RetirementCommission, 8 CSCR 471 (April 23, 1993, Maloney, J.), citingLight Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 173, 592 A.2d 386 (1991). The court finds that the plaintiff is aggrieved in that the Commission's ruling injuriously affects the plaintiff's interest in receiving his claimed retirement benefits to the full extent of the law.
Timeliness
 Within forty-five days after mailing of the final decision a person appealing shall serve a copy of the appeal on the agency that rendered the final decision at its office and file the appeal with the clerk of the superior court for the judicial district wherein the person appealing resides . . . .
General Statutes § 4-183 (c). As noted above, the Commission's decision was dated May 16, 1991. The plaintiff filed his appeal on June 7, 1991 and certifies that a copy of said appeal was mailed on June 4, 1991, postage prepaid, certified mail, to the office of the Commission. The appeal is found to be timely. CT Page 6348
SCOPE OF REVIEW
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted." (Citations omitted; internal quotation marks omitted.) New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 773, 535 A.2d 1297
(1988).
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
General Statutes § 4-183 (j). Consistent with this statutorily limited scope of review, the function of a trial court "is not to retry the case or substitute its judgment for that of the agency . . . but to determine whether the judgment is based on reliable, probative, and substantial evidence on the whole record." (Citation omitted.) Vicino v. Zoning Board ofAppeals, 28 Conn. App. 500, 507, 611 A.2d 444 (1992), citing General Statutes § 4-183 (j)(5).
"`Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . ." (Citations omitted.) GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986). "The legal conclusions reached by the agency must stand, therefore" if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically CT Page 6349 follow from such facts.'" All Brand Importers, Inc. v.Department of Liquor Control, 213 Conn. 184, 192,567 A.2d 1156 (1989), quoting New Haven v. Freedom of InformationCommission, supra, 774.
DISCUSSION
The plaintiff argues that the pension arbitration award was intended to increase disability retirement benefits to persons already entitled to such benefits prior to July 1, 1988. The Commission argues that said increase is applicable only to SERS members that retire after July 1, 1988.
The pension arbitration award followed collective bargaining negotiations. General Statutes § 5-278 (f)(1) prescribes that "collective bargaining negotiations concerning changes to the [SERS] to be effective on and after July 1, 1988, shall be conducted between the employer and a coalition committee which represents all state employees who are members of any designated employee organization." General Statutes § 5-278 (f)(1). Said negotiations produced a pension arbitration, award, effective on and after July 1, 1988 through June 30, 1994. (ROR, Item IV: Decision and Declaratory Ruling).
This pension arbitration award contains Issue Nos. 25 and 90. (ROR, Item IV: Decision and Declaratory Ruling). Issue No. 25 of the pension arbitration award provides in pertinent part:
 Add new subsection § 5-169 (K): Notwithstanding any other provision of law, each member entitled to disability retirement under this section shall receive a retirement income, inclusive of social security and workers' compensation, which is no less than sixty per cent of their rate of salary at the time their disability occurred. This benefit shall be adjusted in accordance with § 5-162d, § 5-162 (h) or § 5-169 (h)(3), whichever is greater.
(ROR, Item III: Retirement Division Case History, Exhibit B). Issue No. 90 of the pension arbitration award provides that: "[t]his agreement shall be binding upon the parties named herein and their successors and assigns and shall be effective July 1, 1988 to and including June 30, 1994." (ROR, Item III: Retirement Division Case History, Exhibit D). CT Page 6350
As required by General Statutes § 5-278 (b), the pension arbitration award was submitted to the legislature for approval. On October 12, 1989, the State of Connecticut General Assembly Appropriations Committee voted to approve the pension arbitration award. (ROR, Item VII, Appropriations Committee Meeting).
"The interpretation of the terms of the collective bargaining agreement is a matter of law." Scovill Mfg. Co. v.Scovill Local 1604, 19 Conn. Sup. 67, 69, 109 A.2d 896 (Super. Ct. 1954), citing Chase Brass Copper Co. v. Chase BrassCopper Workers Union, 139 Conn. 591, 596, 96 A.2d 209 (1953)" Issue Nos. 25 and 90 of the pension arbitration award were. based upon the last best offers submitted to the arbitrator in connection with the collective bargaining negotiations. (ROR, Item III: Retirement Division Case History, Exhibits B and D). The Commission's ruling in connection with the application of Issue Nos. 25 and 90 of the pension arbitration award was a matter of law because the Commission's ruling constituted an interpretation of the terms of the underlying collective bargaining agreement.
The plaintiff argues that the defendant's interpretation of the pension arbitration award was erroneous. Arbitration is a creature of contract. North Haven Assn. of EducationalSupport Staff v. Board of Education, 209 Conn. 280, 283,550 A.2d 1077 (1988). If there are two possible interpretations of a contract, a court should prefer the interpretation that is more equitable and rational. See American Fabrics Co. v.United Textile Workers of America, 12 Conn. App. 642, 648,533 A.2d 579 (1987); Game-A-Tron Corporation v. Gordon, 2 Conn. App. 692,694-95, 483 A.2d 620 (1984). Accordingly, the preferred interpretation of the pension arbitration award should be the one that is more equitable and rational.
The Commission's ruling contains the following analysis:
 Consistent with [General Statutes § 5-278 (f)(1)], through Issue No. 90[,] the terms of the Pension Arbitration Award became effective on July 1, 1988. Thus, the minimum guarantee provisions of Issue No. 25 apply only to those disability retirements which occur after July 1, 1988. To find otherwise requires reading retroactivity language into the CT Page 6351 award which is simply not there.
 To place this ruling in perspective, we have declined to extend to the [plaintiff] the improvements contained in Issue No. 25; however, our decision also stands for the proposition that under analogous circumstances he will be insulated from any future diminution in disability retirement benefits, should such occur.
(ROR, Item IV: Decision and Declaratory Ruling). This analysis was "[i]n accordance with the clear language of Issue No. 90 of the 1988-1994 Pension Arbitration Award. (ROR, Item: IV: Decision and Declaratory Ruling).
The Commission's ruling is further supported by evidence in the record that the General Assembly considered the pension arbitration award "retroactive to July 1, 1988 . . . ." (ROR, Item VII, Appropriations Committee Meeting, p. 4). The record contains no evidence indicating that the 1988-1994 pension arbitration award was intended to apply to SERS members that retired prior to July 1, 1988. If it was intended to be retroactive to an earlier date they could have said so. Because the record contains no evidence indicating such retroactive intent, the court finds that the Commission's ruling was both equitable and rational.
The plaintiff's receipt of his disability retirement benefits commenced on March 1, 1986. (ROR, Item IV: Decision and Declaratory Ruling) . The court finds that the Commission's ruling, holding that Issue No. 25 does not apply to the plaintiff, resulted from the proper application of the law to the facts found and could reasonably and logically follow from such facts. See All Brand Importers, Inc. v.Department of Liquor Control, supra; New Haven v. Freedom ofInformation Commission, supra. The court further finds that the Commission's ruling is supported by the evidence and is not unreasonable, arbitrary, illegal, or in abuse of its discretion.
CONCLUSION
For the foregoing reasons, the plaintiff has failed to demonstrate that the Commission acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in denying CT Page 6352 the plaintiff's petition for recalculation of his disability retirement benefits on the ground that Issue No. 25 does not apply to the plaintiff.
The plaintiff's appeal should be and is hereby dismissed.
Leuba, J.